IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARRELL E. MOSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-0767-CV-W-ODS |
| ) | |
| HOME DEPOT U.S.A., INC., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On November 8, 2007, Defendants Home Depot U.S.A., Inc. ("Home Depot"), Jeff Wonderly and C. Geoff Randall (collectively "the Home Depot Defendants") filed a Motion for Judgment on the Pleadings. Plaintiff has not responded and the time for doing so has passed. See Local Rule 7.1. Accordingly, the motion is ready for the Court's consideration.

A motion for judgment on the pleadings under Rule 12(c) requires the Court to assume the truth of all factual assertions made by the non-moving party and grant judgment only if those facts demonstrate the moving party is entitled to judgment. National Car Rental Sys., Inc. v. Computer Assocs Int'l, Inc., 991 F.2d 426, 428 (8th Cir.), cert. denied, 510 U.S. 861 (1993). The Court cannot consider matters outside the pleadings; if it does, the motion must be treated as a motion for summary judgment under Rule 56.

Plaintiff's claims stem from an incident at a Home Depot store where Wonderly (a Home Depot employee) stopped Plaintiff "from leaving the store because he thought that I was stealing . . . ." Complaint, page 5. Plaintiff disputed that he stole the merchandise in question, and he was eventually charged with stealing. Plaintiff was convicted of stealing based, in part, on Wonderly's testimony. Complaint, pages 11-12. He asserts a series of civil rights violations based on his detention, prosecution and conviction. Plaintiff's allegation that he was convicted on a criminal charge of stealing is fatal to all of his claims because his claims depend on, and thus attack, the validity of

his conviction. E.g., Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Entzi v. Redmannm 485 F.3d 998, 1003 (8th Cir. 2007). Absent an allegation that his conviction was reversed, expunged, or declared invalid, Plaintiff cannot prevail on his claims that the Home Depot Defendants violated his constitutional rights in accusing him of stealing and testifying against him at trial.

      The Court grants judgment to Home Depot U.S.A., Inc., Jeff Wonderly and C. Geoff Randall.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: December 14, 2007               UNITED STATES DISTRICT COURT

2